# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TARIK YASSINE,**

   **Plaintiff,**

**v.**                  **Case No:   6:15-cv-65-Orl-40DAB**

**LA DOLBE, LLC,**

   **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **Motion for summary judgment (Doc. No. 25)**
>
> **FILED:**   **October 21, 2015**
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

  Plaintiff Tarik Yassine filed suit against his former employer Defendant La Dolbe, LLC d/b/a Paradiso 37, a restaurant, on January 16, 2015, seeking unpaid minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 206(a), 207(a), and the Florida Minimum Wage Act. Defendant now moves for summary judgment, arguing that Plaintiff's responses to interrogatories are internally inconsistent and contradict his deposition testimony to such a degree that they cannot support his claim for overtime or unpaid wages. Because the Court finds Plaintiff's testimony and his supporting Affidavit establish he is owed the amount claimed based on a reasonable estimation, it is **respectfully RECOMMENDED** that Defendant's Motion for Summary Judgment (Doc. 25) be **DENIED**.

**Background Facts and Procedural History**

Plaintiff filed suit on January 16, 2015 asserting claims for unpaid overtime and minimum wage. Doc. 1. Defendant filed his Answer on February 12, 2015, and the Court entered a FLSA scheduling order requiring Plaintiff to respond to Court Interrogatories. Docs. 9, 13. On March 9, 2015, Plaintiff filed his Answers to Court Interrogatories in which he stated that he worked as a busboy at Defendant's restaurant, clearing tables, removing dishes and glasses from tables or counters, and taking them to kitchen for cleaning, sweeping floors, brewing tea and coffee, running food to tables for other servers, wiping down/washing trays, wiping down bottles, polishing plates, stocking bar inventory, bussing bar dishes and glasses, stocking lemonade mix, plates/glasses/silverware, taking out trash, dusting; checking bathroom, moving tables, and closing up. Doc. 14-1. Plaintiff worked for approximately eleven months from October 3, 2013 to August 30, 2014, and he was paid every 2 weeks at an hourly rate of $4.77 per hour and after six months he was paid at $4.99 per hour, but his pay varied from pay period to pay period. *Id.* His claim is for off-the-clock work, and he sought damages which he estimated at $20,832 for minimum wage violations ($434/week for 48 weeks) and $14,371.20 ($299.40/week for 48 weeks) for unpaid overtime[1]. *Id.* At the time, Plaintiff noted that "[t]he best evidence of his damages must be done after a review of the Defendant's payroll records." *Id.*

On August 5, 2015, Defendants moved to dismiss Plaintiff's Complaint as a sanction for the belated production of the timecards and paystubs in his possession. Doc. 21. On August 13, 2015, the Court denied the Motion to Dismiss because Defendant had shown no prejudice from the delay in production, and, even if it had shown prejudice, the appropriate sanction for the delayed production would have been to re-depose Plaintiff. Doc. 24. On October 21, 2015, Defendant

---

[1] Plaintiff's attorney's fees and costs were estimated to be $2,520.

filed its Motion for Summary Judgment. Doc. 26. Plaintiff responded on November 9, 2015 (Doc. 30), and Defendant filed its Reply on November 18, 2015. Doc. 33.

**Standard for Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party moving for summary judgment must "cit[e] to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials" to support its position that it is entitled to summary judgment. Fed.R.Civ.P. 56(c)(1)(A). However, "[t]he court need consider only the cited materials" but may also consider any other material in the record. Fed.R.Civ.P. 56(c)(3).

An issue of fact is "genuine" only if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if the fact could affect the outcome of the lawsuit under the governing law. *Id*. The moving party bears the initial burden of identifying those portions of the record demonstrating a lack of genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir.2004). If the movant shows "an absence of evidence to support the nonmoving party's case," the burden then shifts to the non-moving party to demonstrate that there are, in fact, genuine disputes of material facts. *Celotex*, 477 U.S. at 325; *see also Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir.2006). In determining whether a genuine dispute of material fact exists, the Court must read the record and the evidence presented in the light most favorable to the non-moving party. *See Porter*, 461 F.3d at 1320.

**Standard for FLSA cases**

Under the FLSA, an employer must pay one and one-half times the employee's regular rate for all hours worked in excess of forty hours per work week. 29 U.S.C. § 207(a). A plaintiff bears the burden of proving by a preponderance of the evidence: 1) the existence of an employment relationship; 2) that he was an employee engaged in commerce or employed by an "enterprise" engaged in commerce; 3) that the defendant failed to pay him overtime required by the FLSA; and 4) a reasonable estimation of the amount and extent of the work for which he seeks pay. See 29 U.S.C. §§ 207(a); *see* Pattern Jury Instructions: Eleventh Circuit, Civil Cases § 4.14 Fair Labor Standards Act (plaintiff may recover a "reasonable estimation of the amount of his damages if he proves by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which he seeks pay"); *see also Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (superseded on other grounds by the Portal to Portal Act). Defendant in this case does not dispute the first three elements, limiting its summary judgment argument to the fourth prong— whether Plaintiff has created a triable issue on the amount he claims he is owed "by a just and reasonable inference," or, according to the Eleventh Circuit's Pattern Instruction, "a reasonable estimation of the amount and extent of the work."

**Discussion**

Defendant argues that it is entitled to summary judgment because Plaintiff cannot meet his burden to show the amount and extent of hours worked such that the Court, as finder of fact at a non-jury trial, would be able to determine the number of unpaid hours, including overtime hours, as a matter of just and reasonable inference. Defendant contends that Plaintiff's Answers to Court Interrogatories, filed on March 9, 2015 (Doc. 14-1), are "internally inconsistent" and contradict his subsequent deposition testimony. Defendant also contends that Plaintiff testified that he does not know the amount of payment he demands and that he does not remember the number of work hours for which he was not paid. In his Answers to Court Interrogatory No. 7, Plaintiff testified that he

worked approximately 1,920 overtime hours, or 40 overtime hours each week for 48 weeks. Defendant contends that this contradicts his answer to Interrogatory No. 3, in which he stated that he worked approximately 38 overtime hours per week, but (the way Defendant interprets the statement) not until the fourth month of his employment, and he worked only 21-28 hours per week during the first three months of his employment. Defendant asserts that this Interrogatory Answer "contains a typographical error," and if Plaintiff is claiming he worked until 1:00 to 2:00 in the morning, then he would be asserting that he worked 105-112 hours per week during the first three months of his employment, which is "impractical and, in any event, it is inconsistent with his answer to Interrogatory No. 7." Defendant argues these inconsistencies establish that Plaintiff cannot provide a "just and reasonable inference" of the amount of overtime he worked, and Defendant is entitled to summary judgment on the issue. Doc. 25 at 6 (citing *Holaway v. Stratasys. Inc*., 771 F.3d 1057, 1058 (8th Cir. 2014) (affirming summary judgment to employer where plaintiff's deposition was taken three separate times and the number of hours he claimed—between forty-five and seventy hours/week—was different every time).

Defendant also argues that Plaintiff's interrogatory answers and his deposition testimony are contradictory because, in his answer to Interrogatory No. 7d, Plaintiff's accounting of his claim reflects unpaid wages of more than $35,000 (plus an equal amount in liquidated damages), yet Plaintiff testified at his deposition that he did not know how much he is demanding or how much he is allegedly owed, he never counted how much he claims to be owed, and he specifically denied that he demands $35,000 in minimum wage and overtime pay, testifying that his attorney would decide how much he is demanding. Doc. 25 at 8 (Yassine Dep. 35, 39-40).

According to Defendant, based on Plaintiff's deposition testimony, Plaintiff did not work exclusively at Defendant's restaurant in the eleven month period from October 2013 to August 2014 and he did not work 90 hours per week every week at Defendant's restaurant although he did work

approximately 90 hours per week in the beginning of his employment with Defendant. Doc. 26 (Yassine Dep. 29-30). For at least two months, and perhaps as many as three or four months based upon Plaintiff's recollection, he maintained a second job at a separate restaurant called Marrakesh, which is located at EPCOT. *Id.* (Yassine Dep. 9, 12, 71-72). On weekdays, Plaintiff worked at Marrakesh from approximately 10:00 a.m. until 4:00 p.m. *Id.* (Yassine Dep. 16, 72). He would then walk briskly for approximately forty-five minutes to Defendant's restaurant, where he would work from 5:00 p.m. to close, which could be as late as 2:00 a.m. or 2:30 a.m. *Id.* (Yassine Dep. 16, 17-18, 36). On Saturdays, he would work a double shift at Marrakesh. *Id.* (Yassine Dep. 17). On Sundays, he would work a double shift at Defendant's restaurant. *Id.* (Yassine Dep. 17). During this period of holding two jobs, which was two to four months long, he would have worked a maximum of 64 hours (or 24 hours of overtime) with Defendant *Id.* (Yassine Dep. at 16-18, 36). Defendant contends that this testimony is in "stark contrast" to his written version of events that he worked 38-40 overtime hours each week during the same time period. Moreover, Plaintiff plainly testified at deposition, with the interrogatory answers in front of him as an exhibit, that he does not remember the number of hours worked for which he was not compensated. *Id.* (Yassine Dep. at 35).

Defendants also point to inconsistencies in Plaintiff's 2013 and 2014 tax returns discussed during the deposition which demonstrate that Plaintiff was paid $13,341.66 over his eleven months of employment as a busboy with Defendant (Yassine Dep. 14-15), and 40% more than the $9,600 Plaintiff estimated he received according to his Answers to Court Interrogatories (Doc. 14-1). Defendant argues that an employer is entitled to summary judgment when the plaintiff fails to produce sufficient evidence for the fact-finder to conclude that she performed uncompensated overtime work. Doc. 25 at 6-7 (citing *Ihegword v. Harris County Hospital District*, 555 Fed. Appx. 372, 375 (5th Cir. 2014) (holding that other than the plaintiff's "unsubstantiated assertions speculated from memory," she could not prove the amount and extent of uncompensated overtime

as a matter of just and reasonable inference); *Santiago v. Saunders*, 2015 WL 4454782, *2 (S.D. Fla. 2015) (granting employers motion for judgment as a matter of law where there was no reasonable basis to determine whether the plaintiff was underpaid or by how much and his "entire case relie[d] on his uncorroborated testimony that he 'sometimes' worked through lunch 'maybe once or twice per month' and [his attorney's] blanket assertion that [he] worked 52.5 or 60.5 hours per week").

Plaintiff was born in Errachaidia, Morocco in 1979 and his first language is Arabic. Doc. 30-1. He moved to the United States in September or October 2013 right before he began work at Defendant's restaurant. *Id*. He has difficulty in communicating in English and he had difficulty communicating with counsel for Defendant at his deposition on August 7, 2015. *Id.* Plaintiff argues that the lead case cited by Defendant, *Holaway v. Statasys*, Inc., 771 F.3d 1057 (8th Cir 2014), is distinguishable because Plaintiff in this case has presented a precise calculation of his overtime. Doc. 30 at 4. Specifically, Plaintiff points to his statements in responses to the Court's Interrogatories: "Plaintiff's pay varied from pay period to pay period. The best evidence of his damages must be done after a review of the Defendant's payroll records." Doc. 14-1. He argues that Defendant's reliance on *Ihegword* is misplaced because in addition to inconsistencies in plaintiff's evidence, the trial judge also based his ruling on the affidavit of a co-workers, who stated that the plaintiff rarely worked past their normal workday shifts, however, when they did so, it was on, and not off, the clock. 555 Fed. Appx. at 375. In addition, Plaintiff argues that the district judge in *Ihegword* also based the decision on timecard reports evidencing that she rarely worked an entire forty-hour work week, which "soundly refuted" her allegations of clocking out and continuing to perform uncompensated overtime work. *Id*. Plaintiff also distinguishes *Santiago*, arguing those vague testimony in that case bear no resemblance to Plaintiff's evidence presented to this Court. Lastly, Plaintiff argues that, given his difficulties with the English language, the trier of fact should

be able to assess both his credibly and his ability to understand oral questions, and Defendant has not put forth any evident to dispute he was working overtime or off the clock in this case.

The employer is liable for compensating an employee for all hours that the employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. §203(g). If the employer violates the overtime provisions of the FLSA, the employer is liable for the unpaid amounts, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b)[2]. Employees bringing suit for overtime wages under the FLSA have the burden of proving that they performed work for which they were not properly compensated. *Anderson*, 328 U.S. at 687. Where the employer's time and pay records are inadequate or nonexistent, the employee may satisfy his burden by proving that he has in fact performed work for which he was improperly compensated. Once the employee produces sufficient evidence to show the amount and extent of that work as "a matter of just and reasonable inference" (or reasonable estimation of the amount), the burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employees' evidence. *Id*. at 687-88.

FLSA and its implementing regulations require an employer to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by [the employer]." 29 U.S.C. § 211(c). Although employees seeking to recover overtime under FLSA have the burden of proving that they worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies . . . militate against making that burden an impossible hurdle for the employee."  *Allen v. Board of Public Educ. for Bibb County*, 495 F.3d 1306, 1314 (11th Cir. 2007) (citing *Anderson v. Mt. Clemens Pottery Co*., 328 U.S. 680, 687 (1946)). However, it is the employer's duty to keep

---

[2]Title 29 U.S.C. § 216(b) was ruled unconstitutional on other grounds by *Alden v. Maine*, 527 U.S. 706, 712 (1999) (holding that Congress lacked the remedial power to authorize FLSA private lawsuits against the States).

records of the employee's wages, hours, and other conditions and practices of employment because the employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and "[e]mployees seldom keep such records themselves." *Allen*, 2007 WL 2332506 at *6 (citing Anderson, 328 U.S. at 687).

If an employer fails to maintain records concerning the employee's wages, hours, and other terms and conditions of employment as required by FLSA and the employee cannot offer convincing substitutes,

> [t]he solution . . . is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act." *Id*. Thus in situations where the employer's records cannot be trusted and the employee lacks documentation, the Supreme Court held "that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* The burden then becomes the employer's, and it must bring forth either evidence of the precise amount of work performed or evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id*. at 687-88. "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." *Id*. at 688.

*Allen*, 495 F.3d at 1315 (quoting *Anderson*, 328 U.S. at 687-88).

The Court has reviewed Plaintiff's August 7, 2015 deposition testimony in this case and finds while Plaintiff is somewhat befuddled by the language barrier, he did credibly testify to working for Defendant beginning in September/October 2013, and working at both Defendant and Marrahesh in the Moroccan section of EPCOT from January 2014 for three months.  Doc. 26 (Dep. at 8-9, 12).  He worked in the Marrakesh restaurant just in the morning shift, starting at 10:00 and finished at 4:00 p.m., for about six hours; he worked six days per week, and he would then work 5:00 p.m. to close at Defendant Paradiso (at Downtown Disney) which was open until 2:00 or 2:30

a.m.; on his day off at Paradiso (Saturday), he worked a double shift at Marrakesh, and on his day off at Marrakesh (Sunday), he worked a double shift at Paradiso. *Id*. (Dep. at 11, 16-18).

Plaintiff has filed his Affidavit opposing summary judgment, explaining that when he first started working for Defendant, he worked seven days per week, approximately from 10:00 a.m. until 1:00 to 2:00 a.m. (16 hours/day x 7 days = 112 hours/week). Doc. 30-1 ¶ 4. After approximately three months, he began working 6 days per week, and for 3 days per week came in at 10:00 am and the other three days he came in at 4:00 p.m. Regardless of his start time, he worked until 1:00-2:00 a.m. each day (3 days x 16 hours + 3 days x 10 hours = 78 hours/week). *Id*. ¶ 5. Plaintiff's November 5, 2015 Affidavit is verbatim as to the damages he set forth in his Answers to Court Interrogatories dated March 9, 2015. *Compare* Doc. 30-1 *with* Doc. 14-1.

From January through February of 2014, Plaintiff only worked on Sundays from 10:00 am until closing (16 hours), and on five other days (Monday through Friday), he worked from 5:00 pm to closing (9 hours x 5 days = 45 hours). Doc. 30-1. This testimony is identical to his deposition testimony that, when he was working two jobs for months in January and February 2014, he worked six days per week from 5:00 p.m. To reach the stated average of "80 hours per week" that he asserts in his Affidavit[3], Plaintiff's appears to have averaged the higher hours (112 hours/week by the Court's calculation) from the first three months he worked with lower average for the two to three month period while working the second job at Marrakesh (approximately 61-64 hours/week), and the other five to six months at 78 hours/week when working the two different schedules from 10:00 a.m. for three days and 4:00 p.m. the other three each week. Although not spelled out explicitly, the 78 to 80 hours per week is a fair approximation based on Plaintiff's testimony. Additionally, his testimony about a second job at Marrakesh for two months credibly accounts for the fluctuations in

---

[3] Doc. 30-1 ¶ 7 ("I worked approximately 80 hours per week for the entire 48 weeks that I was employed by Defendant.").

the weekly average of overtime. To the extent Defendant disagrees with Plaintiff's calculations, the issue is one of credibility and Defendant had the opportunity to cross-examine Plaintiff any inconsistencies or deficient mathematical calculations, such as the 80 hours asserted by Plaintiff versus the 64 hours as calculated according to Defendant. Particularly in this case where Plaintiff's command of the English language is a serious impediment, and it is clear that he had noticeable trouble following certain questions about the calculation of the claims from Defendant's counsel, the Court finds that Plaintiff has provided a "reasonable estimation" that he worked the overtime hours he asserts in his Affidavit and testified to at his deposition. *See, e.g., id.* (Dep. at 21).

Defendant also argues that Plaintiff's August 7, 2015 deposition testimony is "wholly insufficient" to prove he performed work for which he was not properly compensated and to show the amount and extent of that work because Plaintiff testified that he has "no idea" how much compensation he demands in this case; that Defendant took "a lot" of money from him, but he does not "remember exactly how much"; and Plaintiff does not remember the number of work hours for which he claims he was not paid.  Doc. 25 at 8 (citing Yassine Dep. at 35, 40).  Defendant argues Plaintiff's claims against Defendant are unfounded because, in the same interrogatory answer, Plaintiff testified that Defendant paid him approximately $9,600 over eleven months, or approximately $200 per week for 48 weeks, yet he is claiming that he is due minimum wages and overtime of $35,000 is approximately three and a half times the amount he was actually paid. The magnitude of Plaintiff's estimate is not surprising since he is alleging that he was paid for only 40 hours of work per week, and even while he was working twice that amount of time which would multiple the pay he missed by time and a half; plus he alleges that he was not paid at all for the minimum wage for an 40 additional hours per week, which would double the hours for which he was unpaid.  Thus, without assessing the credibility of Plaintiff's representation that he worked off

the clock twice as much time as he was paid for, his calculations/estimates are mathematically consistent based on his alleged 80 hour/week estimate.

## CONCLUSION

Undoubtedly, Plaintiff's evidence is somewhat inconsistent, and he will bear the consequences of credibility issues at trial. Given his limited language skills and relative lack of sophistication, however, he does not present as someone concocting a claim out of whole cloth. At a minimum, Plaintiff has created a triable issue of material fact as to the "reasonable estimation" of overtime he worked "off the clock" and it is **respectfully RECOMMENDED** that Defendant's Motion for Summary Judgment be **DENIED**.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on February 11, 2016.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy