# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**TARIK YASSINE,**

        **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　**Case No:   6:15-cv-65-Orl-40DAB**

**LA DOLBE, LLC,**

        **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　　Motion for Settlement (Doc. No. 42)
>
> **FILED:**　　　April 6, 2016
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

On January 16, 2015, Plaintiff Tarik Yassine filed suit against his former employer Defendant La Dolbe, LLC d/b/a Paradiso 37, a restaurant, seeking unpaid minimum wage and overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 206(a), 207(a), and the Florida Minimum Wage Act. On April 6, 2016, the parties filed a Joint Motion for Settlement Approval (Doc. 42), which was referred to the undersigned on April 18, 2016.   Doc. 42.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the

context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on representations in the parties' Joint Motion for Approval of Settlement (Doc. 42) and Plaintiff's Answers to Court Interrogatories (Doc. 14-1), Plaintiff worked as a busboy at Defendant's restaurant, clearing tables, removing dishes and glasses from tables or counters, and taking them to kitchen for cleaning, sweeping floors, brewing tea and coffee, running food to tables for other servers, wiping down/washing trays, wiping down bottles, polishing plates, stocking bar inventory, bussing bar dishes and glasses, stocking lemonade mix, plates/glasses/silverware, taking out trash, dusting; checking bathroom, moving tables, and closing up. Plaintiff worked for approximately eleven months from October 3, 2013 to August 30, 2014, and he was paid every 2 weeks at an hourly rate of $4.77 per hour and after six months he was paid at $4.99 per hour, but his pay varied from pay period to pay period. Id. His claim is for off-the-clock work, and he sought

damages which he estimated at $20,832 for minimum wage violations ($434/week for 48 weeks) and $14,371.20 ($299.40/week for 48 weeks) for unpaid overtime. Doc. 14-1.

Plaintiff's allegations as to his damages in responding to the Court Interrogatories and his subsequent deposition testimony were much disputed by Defendant, who filed a Motion for Summary Judgment detailing the issues with Plaintiff's estimates. *See* Doc. 37. Based on a thorough review of Plaintiff's deposition testimony and analysis of his alleged hours working for Defendant and at a second job, the Court found in a Report and Recommendation ("R&R"):

> Plaintiff's evidence is somewhat inconsistent, and he will bear the consequences of credibility issues at trial. Given his limited language skills and relative lack of sophistication, however, he does not present as someone concocting a claim out of whole cloth. At a minimum, Plaintiff has created a triable issue of material fact as to the "reasonable estimation" of overtime he worked "off the clock.

Doc. 37. No objections were filed and the R&R was adopted. Doc. 38.

Plaintiff will receive a settlement of $2,000 total, *i.e.*, $1,000 in wages and $1,000 in liquidated damages. Plaintiff and counsel discussed the legal and factual issues during settlement negotiations. The Parties through their attorneys, voluntarily agreed to the terms of their settlement during negotiations; both parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Doc. 42.

The parties contend that the dollar amount of Plaintiff's claims were reduced as they were unsubstantiated by the documentation and Defendant's witnesses disputed Plaintiff's claims. *Id*. The parties exchanged several offers and demands, and they finally agreed on the settlement amount. *Id.* As the Court noted above, Plaintiff would have "credibility issues" raised at trial. *See* Doc. 38.

The parties have agreed that Defendant will pay Plaintiffs' attorneys a total of $5,500 in attorney's fees and costs. Doc. 42. Costs in the case were $440 for the filing fee and service of process. Doc. 43 at 3. Therefore, the portion attributable to the attorney's fee is $5,060.

Plaintiff's counsel has submitted a time sheet reporting he spent 21.9 hours on the case. *Id.* This case had more discovery and dispositive motion practice than is usually present in a typical FLSA case and the hours expended are reasonable. A $5,060 fee for 21.9 hours of work results in an hourly rate of approximately $230 per hour, which is well below the rate of $300 to $350 typically awarded in FLSA cases to experienced counsel[1]. Counsel's time records show a significant compromise of the total fees incurred. Doc. 42 at 4.

Accordingly, it is respectfully **RECOMMENDED** that the Joint Motion for Approval of Settlement Agreement (Doc. 42) be **GRANTED** and the Clerk be **DIRECTED** to close the file

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on April 22, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

---

[1] Although the Court finds that the total fee is within the reasonable range, the Court does not reach the issue of approval of Plaintiff's counsel's listed rate which is high for this class of litigation.